IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUNICE JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1998 |
| | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY OF HARTFORD | § | |
| and VINIECE JANINE CONLEY, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending is Defendant Property and Casualty Insurance Company of Hartford's ("Hartford") Motion to Compel Appraisal and Order (Document No. 18).[1] After having reviewed the motion, response,

---

[1] Plaintiff filed her Motion for Leave to File to Exceed Page Limitation, Document No. 22, proposing a response memorandum of 40 pages in length. The motion is without merit, and under normal circumstances would be denied as excessive. Here, however, the unreasonably long memorandum is filed by The Mostyn Law Firm, and it is in major portions repetitious of erroneous arguments advanced by that firm for others of its clients in Hurricane Ike cases. *See, e.g.*, <u>EDM Office Serv., Inc. v. Hartford Lloyds Ins. Co.</u>, No. H-10-3754, 2011 WL 2619069 (S.D. Tex. July 1, 2011) (Rosenthal, J.); <u>Dike v. Valley Forge Ins. Co.</u>, --- F. Supp. 2d ---, 2011 WL 2517270 (S.D. Tex. June 23, 2011) (Rosenthal, J.); <u>Butler v. Prop. & Cas. Ins. Co. of Hartford</u>, No. H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011). In addition, the Texas Supreme Court's recent holding in <u>In re Universal Underwriters of Texas Ins. Co.</u>, 2011 WL 1713278 (Tex. May 6, 2011), effectively rejects as meritless Plaintiff's waiver argument. The Court reluctantly GRANTS the page limit motion simply to obviate any need for The Mostyn Law Firm to incur additional hours of attorney time to downsize its erroneous arguments to a memorandum of appropriate length.

and the applicable law, the Court concludes that the motion should be granted and the case abated.

Plaintiff Eunice James ("Plaintiff") does not dispute that her insurance policy with Hartford (the "Policy") contains an appraisal provision under the header "**E. Appraisal**," which reads as follows:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.[2]

The Court must apply the terms of the insurance contract as it is written. See RSR Corp. v. Int'l Ins. Co., 612 F.3d 851, 858 (5th Cir. 2010) ("Texas courts interpret insurance policies according to the rules of contractual construction. Texas courts give contractual terms 'their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.' Unambiguous contracts are enforced as written." (internal citations omitted)). Here the appraisal clause is clear and unambiguous and grants to both the

---

[2] Document No. 18, ex. A at 26 [hereinafter "Policy"].

insured and the insurer the right to "demand an appraisal of the loss." Appraisal clauses such as this one are enforceable and have been upheld in Texas for more than one hundred years. *See* In re Allstate Cnty. Mut. Ins. Co., 85 S.W.3d 193, 195 (Tex. 2002) (citing Scottish Union & Nat'l Co. v. Clancy, 8 S.W. 630, 631 (Tex. 1888)). Plaintiff nonetheless argues that: (1) Hartford waived its right to appraisal; (2) the appraisal provision in Hartford's policy is permissive rather than mandatory and therefore does not require abatement; and (3) the appraisal provision as worded in the insurance contract is unconscionable because of its prohibitive cost and because the apportionment of costs conflicts with Plaintiff's rights under the Insurance Code.

Plaintiff asserts that Hartford waived its right to compel appraisal by unreasonably delaying its appraisal demand and by committing an anticipatory breach. Waiver "'requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" In re Universal Underwriters of Tex. Ins. Co., --- S.W.3d ----, 2011 WL 1713278, at *6 (Tex. May 6, 2011) (quoting In re Gen. Elec. Capital Corp., 203 S.W.3d 314, 316 (Tex. 2006)). Waiver is an affirmative defense; the burden to show waiver is on the party challenging the right to appraisal. Sanchez v. Prop. and Cas. Ins. Co. of Hartford, No. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010) (Atlas, J.) (citing In re State Farm Lloyds, Inc., 170 S.W.3d

629, 634 (Tex. App.--El Paso 2005, orig. proceeding)). "In order to establish waiver . . . a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." Universal Underwriters, 2011 WL 1713278, at *6.

Here, the parties reached an impasse on the amount of loss. They even went to mediation, but the mediation failed. Plaintiff argues that Hartford delayed seeking appraisal, but she has made no showing that any delay caused her prejudice.[3] See Universal Underwriters, 2011 WL 1713278, at *5 ("[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced."). Indeed, "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal." Id. at *7.

The Court also finds no merit in Plaintiff's contention that Hartford allegedly committed an anticipatory breach of the contract and therefore waived its right to appraisal. "Indeed, if insureds could escape appraisal by merely alleging an anticipatory breach (or repudiation) whenever there is a dispute over coverage or claims handling, appraisal clauses would be virtually a nullity. Such a result is in direct contravention of the strong public

---

[3] Plaintiff argues that there are genuine issues of material fact as to when impasse or anticipatory breach allegedly occurred, but as Plaintiff fails to show prejudice, she cannot prevail on her waiver argument. See Universal Underwriters, 2011 WL 1713278, at *5.

4

policy in favor of enforcing such clauses." <u>Sanchez</u>, 2010 WL 413687, at *8 n.10 (citing <u>Johnson</u>, 290 S.W.3d at 894). Therefore, Hartford did not waive appraisal, either by delay or anticipatory breach.

Notwithstanding the propriety of Hartford's appraisal demand, Plaintiff asserts that only her contract claims should be abated, not the entire suit, because only mandatory appraisal clauses would constitute a precondition for filing suit, and this clause is "optional." The appraisal clause (paragraph E as set forth above) appears under the heading **SECTION I - CONDITIONS**.[4] While demanding appraisal is conditioned only upon a failure to agree on the amount of loss, Section I separately contains the following (as amended by the "Special Provisions - Texas"):

> G. **Suit Against Us**
>
>> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy. Action brought against us must be started within two years and one day after the cause of action accrues.[5]

In <u>Vanguard Underwriters Insurance Co. v. Smith</u>, the court construed nearly identical "Appraisal" and "Suit Against Us" clauses together to be "clear and unambiguous" in entitling the insurer "to have the appraisal procedure followed and the

---

[4] *See* Policy at 23, 26.

[5] <u>Id.</u> at 27 & "Special Provisions - Texas" at 5 of 8.

underlying suit abated until the completion of that procedure." 999 S.W.2d 448, 450-51 (Tex. App.--Amarillo 1999, no pet.). Thus, the court granted mandamus relief to the insurer, abating the suit until completion of the appraisal. Id. The Texas Supreme Court favorably cited Vanguard in noting that "appraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit." State Farm Lloyds v. Johnson, 290 S.W.3d 886, 894 (Tex. 2009). Plaintiff contends that Johnson's statement is in *dicta* and therefore not controlling,[6] but the Court nonetheless finds it and Vanguard persuasive. Abatement of the entire case pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice.[7]

---

[6] *See* Document No. 21 at 13.

[7] In fact, even if the appraisal clause were not a condition precedent to filing suit, abatement of the case pending appraisal would still be warranted and appropriate. Appraisal will set the amount of loss conclusively, and may dispose of Plaintiff's breach of contract claims entirely. *See* In re Allstate Cnty Mut. Ins. Co., 85 S.W.3d 193, 196 (Tex. 2002) (noting that "if the appraisal determines that the vehicle's full value is what the insurance company offered, there would be no breach of contract," and concluding that "[a] refusal to enforce the appraisal process here will prevent the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of contract claim"). The appraisal may obviate the need for further litigation, with all of the burdens and costs of pretrial discovery and the like; and if not, then in due season what remains to be litigated can proceed with efficient focus by the parties upon the specific issues remaining. *See, e.g.*, Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."). Indeed,

Finally, Plaintiff contends that the appraisal provision is unconscionable. Plaintiff argues that appraisal unfairly requires her to give up her day in court, to pay for a share of the appraisal costs, is cost prohibitive, and "conflicts with Plaintiff's rights and remedies under the Texas Insurance Code."[8] "Unconscionability can be premised on either of two types of conduct: (1) taking advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or (2) an act or practice resulting in a gross disparity between the value received and consideration paid in a transaction involving transfer of consideration." Bay Colony, Ltd. v. Trendmaker, Inc., 121 F.3d 998, 1005 (5th Cir.1997) (citing TEX. BUS. & COM. CODE § 17.45(5)). Plaintiff has not identified any court that has found an appraisal clause similar to the clause in her insurance policy unconscionable. The Texas Supreme Court has long recognized that appraisal clauses are valid "[i]n the absence of fraud, accident or mistake." Johnson, 290 S.W.3d at 888 (quoting Scottish Union, 8 S.W. at 631). "Appraisals can provide a less expensive, more efficient alternative to litigation, and we [have] held that they 'should generally go forward without preemptive intervention by the courts.'" Universal Underwriters, 2011 WL 1713278, at *2 (quoting

---

Plaintiff will have suffered no prejudice should she prevail in the appraisal process; her claims will remain intact.

[8] Document No. 21 at 36.

Johnson, 290 S.W.3d at 895). The appraisal clause is not unconscionable.

Accordingly, it is hereby

ORDERED that Defendant Property and Casualty Insurance Company of Hartford's Motion to Compel Appraisal (Document No. 18) is GRANTED. It is further

ORDERED that Plaintiff and Hartford shall each designate an appraiser within twenty (20) days after the date of this Order. The two appraisers shall agree upon an umpire within fifteen (15) days thereafter. If they cannot agree, the parties may request the Court to designate an umpire. Pending the conclusion of the appraisal, this action is ABATED. Within fourteen (14) days after the appraisal has been concluded, the parties shall provide to the Court a joint status report.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 12TH day of September, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE